```
          IN THE UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF ARKANSAS
                    WESTERN DIVISION
```

TRACY GAY, et al.                                              PLAINTIFF

vs.                  Civil Case No. 4:03CV00564 HLJ

SALINE COUNTY                                                  DEFENDANT

<u>ORDER</u>

Now pending is Defendant's Motion for Judgment as a Matter of Law (JMOL) or, in the Alternative, For a New Trial under Rule 50[1]

---

[1] Rule 50(b) of the Federal Rules of Civil Procedure provides as follows:
  (b) Renewing Motion for Judgment After Trial; Alternative Motion for New Trial. If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment-- and may alternatively request a new trial or join a motion for a new trial under Rule 59. In ruling on a renewed motion, the court may:
    (1) if a verdict was returned:
      (A) allow the judgment to stand,
      (B) order a new trial, or
      (C) direct entry of judgment as a matter of law....
  (c) Granting Renewed Motion for Judgment as a Matter of Law; Conditional Rulings; New Trial Motion
    (1) If the renewed motion for judgment as a matter of law is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for the new trial. If the motion for a new trial is thus conditionally granted, the order thereon does not affect the finality of the judgment. In case the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall

and Rule 59(a)[2] of the Federal Rules of Civil Procedure (DE # 133), and Plaintiffs' request for liquidated damages.[3] Under Rule 50(a), Defendant is entitled to JMOL if I find there was no "legally sufficient evidentiary basis for a reasonable jury to find for" the Plaintiffs.  A court should not set aside a jury verdict, however,

---

        proceed unless the appellate court has otherwise ordered. In case the motion for a new trial has been conditionally denied, the appellee on appeal may assert error in that denial; and if the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court.
        (2) Any motion for a new trial under Rule 59 by a party against whom judgment as a matter of law is rendered shall be filed no later than 10 days after entry of the judgment.
(d) Same: Denial of Motion for Judgment as a Matter of Law. If the motion for judgment as a matter of law is denied, the party who prevailed on that motion may, as appellee, assert grounds entitling the party to a new trial in the event the appellate court concludes that the trial court erred in denying the motion for judgment. If the appellate court reverses the judgment, nothing in this rule precludes it from determining that the appellee is entitled to a new trial, or from directing the trial court to determine whether a new trial shall be granted.

[2] Rule 59(a) provides in relevant part as follows:
Rule 59. New Trials; Amendment of Judgments
(a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States....

[3] Plaintiffs raise this issue in their petition for attorneys' fees, but the court will address it in this opinion. The question of fees is addressed in a separate order.

"unless there is a complete absence of probative facts to support the verdict." MacGregor v. Mallinckrodt, Inc., 373 F.3d 923, 927 (8th Cir. 2004)(quoting Browning v. President Riverboat Casino-Missouri, Inc., 139 F.3d 631, 634 (8th Cir. 1998)). The evidence must be viewed "in the light most favorable to the party who prevailed before the jury." Wilson v. Brinker, 382 F.3d 765, 769 (8th Cir. 2004). In ruling on such a motion, the court must:

> (1) resolve direct factual conflicts in favor of the nonmovant, (2) assume as true all facts supporting the nonmovant which the evidence tended to prove, (3) give the nonmovant the benefit of all reasonable inferences, and (4) deny the motion if the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn. And while we must refrain from making credibility assessments inconsistent with the jury's findings and must give credence to the evidence favoring the nonmovant, we must also consider "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." Judgment as a matter of law is appropriate only when the record contains " 'no proof beyond speculation to support the verdict.' "

Id. (Citation omitted).

The Eighth Circuit has further found that, in ruling on a motion under Rule 59(a),

> the true standard for granting a new trial on the basis of the weight of the evidence is simply one which measures the result in terms of whether a miscarriage of justice has occurred. When through judicial balancing the trial court determines that the first trial has resulted in a miscarriage of justice, the court may order a new trial, otherwise not. 466 F.2d at 187 (quoting Cities Service Oil Co. v. Launey, 403 F.2d 537, 540 (1968) (emphasis in original).
>
> * * *
>
> The district court's discretion is not boundless, however. We stated in Fireman's Fund and reiterated in

> Blake that the district court is not " 'free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable.' " Fireman's Fund, 466 F.2d at 186 (quoting Tennant v. Peoria & Pekin Union Ry. Co., 321 U.S. 29, 35, 64 S.Ct. 409, 412, 88 L.Ed. 520 (1944). See also Blake, 894 F.2d at 281. We similarly observed in McGee v. South Pemiscot School Dist., 712 F.2d 339 (8th Cir.1983), that the "trial judge may not usurp the functions of a jury ··· [which] weighs the evidence and credibility of witnesses." Id. at 344.
>
> Fireman's Fund contains further discussion limiting the grant of a new trial. We there stated: "Where the subject matter of the litigation is simple; where there exists no complicated evidence or where the legal principles presented are such that they would not confuse the jury, the court should be reluctant to grant a new trial." 466 F.2d at 187. In this vein, and looking at the particular evidence before the court, we concluded: "The evidence is such that reasonable men may differ as to the result, therefore, the determination should properly be left for the jury." Id. We concluded that there was no significant weight factor favoring the defendant in that case, and reversed the grant of the new trial.

White v. Pence, 961 F.2d 776, 780-781 (8th Cir.1992).

I.

The first issue to be considered is whether the motion is timely.  The jury returned the verdicts in this case on May 24, 2006.  Through an oversight, the court failed to enter judgment immediately.  In addition, the court mistakenly granted Defendants more than the ten days allowed by Rule 50(b) in which to file motions, including a renewed motion for judgment as a matter of law.  Rule 6(b) prohibits the court from enlarging the allowed time.  The court has now entered judgment in this case and directed it be filed nunc pro tunc to June 5, 2006, so that

Defendant will not be prejudiced by the court's mistake. In addition, Defendant renewed its motion on August 2, 2006. Thus, I find the motion is not untimely or premature, and the court will consider the issues raised in the motion.

II.

Defendant contends the evidence is insufficient to support the verdict in that there is no evidence any Plaintiff worked over 171 hours without receiving overtime pay and, even if they did, Plaintiffs did not present sufficient proof of overtime they worked but did not record. It argues the only evidence presented consisted of estimates by the Plaintiffs of time they failed to record, not the hours any of them worked over 171 hours in a work period without compensation. It further argues that, even in a falsified records case, a plaintiff has to "present sufficient evidence to show the amount and extent of the overtime work as a matter of just and reasonable inference," Defendant's Brief, p.12, citing <u>Anderson v. Mt. Clemons Pottery Co.</u>, 328 U.S. 680, 66 S.Ct. 1187, 1192 (1946), but Plaintiffs here only "guestimated" damages and failed to write down when they did not record time or how much time they did not record, even after this lawsuit was filed. Defendant also presents arguments concerning issues relating to individual Plaintiffs.

The court has carefully considered all of Defendant's arguments regarding the sufficiency of the evidence. A great many of Defendant's statements in its brief challenge the credibility of

the witnesses, which was for the jury to decide.  As the Plaintiffs point out, the evidence included their testimony, their completed time sheets and their calculations and testimony concerning the hours they worked but did not record.[4]  In addition, the court instructed the jury it could not award damages to a Plaintiff until that Plaintiff reached the 171 hour threshold.  Viewing all of this evidence in the light most favorable to the Plaintiffs, I find the evidence was beyond speculation, that the evidence presented a legally sufficient evidentiary basis for a reasonable jury to find for the Plaintiffs and it was such that reasonable men could have differed as to the result.  Thus, Defendant is not entitled to JMOL or a new trial on this basis.

---

[4]  The court notes that on several points, Plaintiffs argue Defendant cannot challenge the sufficiency of certain evidence because it did not challenge its admissibility.  These questions, of course, present two distinct issues.  All of the evidence in a case could be undeniably admissible but still not be sufficient to satisfy a party's burden of proof.

III.

Defendant also argues the jury rendered a verdict contrary to the court's instructions because, instead of calculating the damages, the jury merely used a multiplier of 75% on the estimated unrecorded time, except for the time submitted for uniform maintenance and lunch for which the jury awarded no damages.

> "It is well settled that a jury's misunderstanding of testimony, misapprehension of law, errors in computation or improper methods of computation, unsound reasoning or other improper motives cannot be used to impeach a verdict." Chicago, Rock Island & Pacific R.R. v. Speth, 404 F.2d 291, 295 (8th Cir.1968).

Gander v. FMC Corp., 892 F.2d 1373, 1379 (8th Cir. 1990). This argument is insufficient to impeach the verdict, and Defendant's motion is denied as to this ground.

IV.

Defendant next argues there was not sufficient evidence to support the jury's finding that it acted willfully, thus extending the time period covered by the FLSA from two years to three years. Plaintiffs dispute this and argue that Defendant also acted in bad faith, entitling them to liquidated damages. The United States Supreme Court has found a violation "willful" where "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richland Shoe Col. 486 U.S. 128, 133 (1988).

Although this is an extremely close question, I find there was sufficient evidence, including the testimony of the two Quorum

Court members, to present a question for the jury as to the Quorum Court's knowledge of the problems and of their failure to act accordingly. The record is such that I cannot disturb the jury's determination of this issue.

V.

Plaintiffs seek liquidated damages under 29 U.S.C. § 216(b) in an amount equal to the actual damages awarded them by the jury, as provided by the statute. The Eight Circuit has held that the

> court in its discretion may award no liquidated damages or reduced liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to [FLSA liability] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]. 29 U.S.C. § 260. An award of liquidated damages "is mandatory unless the employer can show good faith and reasonable grounds for believing that it was not in violation of the FLSA." Braswell v. City of El Dorado, 187 F.3d 954, 957 (8th Cir.1999).

Jarrett v. ERC Properties, Inc., 211 F.3d 1078, 1083 (8th Cir.2000).

As discussed above, the jury in this case has found the Defendant either knew or showed reckless disregard for whether its conduct was unlawful. The Eighth Circuit held in Jarrett that "it is hard to mount a serious argument"

> that an employer who has acted in reckless disregard of its FLSA obligations has nonetheless acted in good faith. Though we decline to go so far as to rule out the possibility of good faith and willfulness in an unusual case, we conclude that a district court's finding of employer good faith in the face of a jury's presumptively contrary finding of willfulness requires close scrutiny on appeal.

8

211 F.3d at 1084.  The statute places the burden of proving good faith on the defendant.

Although the court has denied Defendant's motion for JMOL on the issue of willfulness, the standard imposed on the court's review of the issue required that the jury's finding stand.  As I noted, it was an extremely close issue and, were I the finder of fact, I would have found the Plaintiffs did not show Defendant acted willfully.

Moreover, there is a split in authority on the issue of whether a jury finding of willfulness forecloses a judge's finding of good faith under 29 U.S.C. § 260.   EEOC v. City of Detroit Health Dept., Herman Kiefer Complex, 920 F.2d 355, 358 (6th Cir. 1990)(finding district court was bound by jury's finding that violation Equal Pay Act was willful); Brinkman v. Department of Corrections of State of Kansas, 21 F.3d 370 (10th Cir. 1994); contra Fowler v. Land Management Groupe, Inc., 978 F.2d 158, 162-63 (4th Cir. 1992); see also Broadus v. O.K. Industries, Inc., 226 F.3d 937, 944 (8th Cir. 2000), (citing Fowler for proposition that "[t]he jury's decision on willfulness is distinct from the district judge's decision to award liquidated damages").  Because I agree with Fowler and Broadus that the decisions are separate and distinct, I find I am not bound by the jury's finding of willfulness.  I further find there was sufficient evidence to show that the Defendant intended to comply with the statute and acted in good faith.  Plaintiffs' request for liquidated damages is denied.

IT IS THEREFORE ORDERED that Defendant's Motion for Judgment as a Matter of Law, Or In the Alternative Motion for a New Trial (DE # 132) be, and it is hereby, denied.

IT IS FURTHER ORDERED that Plaintiffs' request for liquidated damages be, and it is hereby, denied.

IT IS FURTHER ORDERED that Defendant's Motion to Shorten Time (DE # 128) and Plaintiffs' Motion to Expedite (DE # 134) are denied as moot.

SO ORDERED this 5th day of October, 2006.

*Henry L. Jones, Jr.*
United States Magistrate Judge