```
         IN THE UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF ARKANSAS
                   WESTERN DIVISION


TRACY GAY, et al.                                    PLAINTIFFS


vs.              Civil Case No. 4:03CV00564 HLJ


SALINE COUNTY                                         DEFENDANT
```

ORDER

Now before the court are Plaintiffs' Application for Attorney's Fees, Costs and Liquidated Damages (DE #129), Plaintiffs' First Supplement to Application for Attorney's Fees, Costs and Liquidated Damages (DE #144),[1] and Plaintiffs' Second Supplement to Application for Attorneys' Fees (DE #152). The Fair Labor Standards Act (FLSA) requires employers to pay reasonable attorney's fees to employees who are prevailing parties under the Act. 29 U.S.C. § 216(b). In five separate documents (DE #'s 130, 144, 150, 151 & 152),[2] Plaintiffs' counsel have requested the following compensation:

Mr. Holleman-- 1222 hours at $225.00 per hour;

---

[1] The court addressed the question of liquidated damages in a separate order.

[2] Plaintiffs stated in their initial fee petition (DE # 129) that they had removed all time from their records that "directly related to items the Plaintiffs were precluded from pursuing pursuant to the Court's ruling on various pretrial motions." Because of the court's duty under the standard governing the issue of attorneys' fees, it directed Plaintiffs to submit their complete time records. In addition, Plaintiffs have updated their requests as counsel have expended additional hours. The court has computed these totals from the various pleadings.

      Mr. Hurst-- 662.7 hours at $250.00 per hour;

      associate counsel-- 21.25 hours at $150.00 per hour;

      one paralegal-- 448.65 hours at $85.00 per hour;

      two paralegals-- 5.70 hours at $50.00 per hour

      two legal assistants- 2.35 hours at $35.00 per hour.

Counsel have also requested costs in the amount of $10,558.78.

    Defendant does not oppose an award of reasonable fees and costs in this case if Plaintiffs "ultimately prevail," and it does not oppose the hours and rates requested for work performed by Mr. Holleman's associates and employees, the requested $10,558.78 in costs or Mr. Holleman's requested hourly rate of $225.00 per hour. Defendant does, however, oppose Mr. Hurst's request for compensation at a rate of $250.00 per hour, and it requests the court to reduce his rate to $225.00 per hour. In addition, Defendant requests the court to reduce the rate for twelve of the hours requested by Mr. Hurst because that work was performed by his associates, who should be compensated at the rate of $150.00 per hour, the rate requested by Mr. Holleman for his associates. Finally, Defendant contends counsel should not be compensated for all of the hours submitted because of various inadequacies in their record keeping, including the failure to keep contemporaneous records, which resulted in vague, oversimplified and unreliable entries, duplication of effort and over-billing for apparently routine activities. Defendant also contends Mr. Holleman should not be compensated for 8.75 hours spent communicating with the

media, and Mr. Hurst should not be compensated for 12.6 hours submitted as "mock case."

I.

The parties agree the court must consider the issue of attorneys' fees under the standards set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 n.7 (1983).  Under Hensley, a court must first compute a lodestar amount by multiplying "the number of hours reasonably expended on the litigation" by a "reasonable hourly rate."  Id. at 433.

A reasonable hourly rate is "calculated according to the prevailing market rates in the relevant community."  Blum v. Stenson, 465 U.S. 886 (1984).  The court finds no justification for awarding a higher hourly rate to Mr. Hurst, and I will reduce his rate to $225.00 per hour.  In addition, associates will be compensated at the rate of $150.00 per hour; all paralegals will be compensated at the rate of $65.00[3] per hour and legal assistants will be compensated at the rate of $35.00 per hour.

II.

In order for a court to calculate the number of hours reasonably expended in a given case, the party seeking the fees

---

[3] Mr. Holleman asked for one of his paralegals to be compensated at $85.00 per hour and two others to be compensated at $50.00 per hour.  This court normally sets compensation for paralegals at $65.00 per hour.  The record provides no basis for a distinction in this case.

must submit adequate documentation supporting the number of hours claimed.  The court may deduct hours from this initial number if counsel's documentation is inadequate.  <u>Hensley v. Eckerhart</u>, 461 U.S. at 433.  In addition, counsel should not request compensation for hours "that are excessive, redundant, or otherwise unnecessary," and the court "should exclude from this initial fee calculation hours that were not 'reasonably expended.'"  <u>Id.</u> at 434.  "The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates," and the applicant "should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims."  <u>Id.</u> at 437.  The records need not contain "great detail" of how each minute is spent, but should at least identify the general subject matter on which the time was expended and assist the court in determining how much time was spent on particular claims.  <u>Id.</u>, n.12.

The United States Supreme Court found in <u>Hensley v. Eckerhart</u>, 461 U.S. at 434 n.9, that, in making this initial calculation, a court may also consider the factors set forth in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir. 1974).  Those factors are as follows:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and

>ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id., at 430 n. 3.

Plaintiffs' counsel contend they kept meticulous, contemporaneous time records.  Defendant's counsel contends neither counsel for Plaintiffs kept contemporaneous records, and that Mr. Holleman submitted a claim for 6.75 hours for three depositions he did not attend and Mr. Hurst submitted a claim for 6.5 hours for the same depositions.  Plaintiffs have submitted copies of the front pages of the transcripts of the depositions in question, which reflect that Mr. Holleman and Mr. Hurst were in attendance at all three depositions (DE # 142, Exhibit 2).  Defendant has not responded regarding these documents.  Defendant's allegations are not a sufficient basis for a finding that Plaintiffs' counsel did not keep contemporaneous records.  In any event, the Eighth Circuit has rejected a per se rule that the lack of contemporaneous records requires the denial or reduction of fee awards, and has held that reconstructed records are acceptable as long as they satisfactorily document the time claimed by counsel.  Kline v. City of Kansas City, Mo., Fire Dept., 245 F.3d 707, 708-09 (8th Cir. 2001).

I find the records of both of Plaintiffs' counsel contain many hours of block billing and nonspecific time entries that prevent the court from determining whether the time claimed was reasonably spent, and the number of hours should be reduced for that reason.

Plaintiffs' counsel also contend their requested number of hours is reasonable because the time requested is virtually the same as that claimed by defense counsel. I do not find a comparison with defense counsel's billing records is relevant here. The Eighth Circuit has described such a comparison as an "apples-to-oranges comparison" that is not required by law and not advisable. Burks v. Siemens Energy & Automation, Inc., 215 F.3d 880, 884 (8th Cir. 2000).

> The most obvious flaw with this proposed requirement is that making such a comparison-where the benchmark for the award of plaintiff's attorney fees is "reasonableness" - would require the trial court to first determine whether the defendant's counsel billed a reasonable amount. Such a scheme does not make sense....

Id. Thus, this court declines to make such a comparison.

Plaintiffs' counsel further contend the number of hours submitted is reasonable because the Johnson factors weigh in their favor in that at least four lawyers worked on this case at various times, Plaintiffs took almost fifty depositions and participated in a long trial in an extremely complex area of the law; the novelty and difficulty of the questions and the skill requisite to perform the legal service properly militate in favor of granting their requested hours and trial in this matter went into four weeks, including jury deliberations.

I do not find the issues in this case were novel. The case presented some difficulties because of the number of issues and the number of plaintiffs, but I find the claimed number of hours for researching and drafting are excessive, especially when considered

with the hourly rate demanded by both counsel.  In addition, I find there was an inordinate amount of time spent composing and reviewing letters between co-counsel, and making telephone calls to plaintiffs and co-counsel.  These factors further convince the court that the number of hours should be reduced.  Considering all of the above, I find there should be a 10% reduction in the number of hours to compensate for inadequate records and the excessiveness of the hours claimed.

The court will also grant Defendant's request to disallow 8.75 hours listed by Mr. Holleman as contact with the media, and 12.5 hours requested by Mr. Hurst for participating in a "mock case," because there is not a sufficient explanation for what this entry means.  In addition, I will grant Defendant's request to reduce the hourly rate to $150.00 for 12 hours claimed by Mr. Hurst, because the work was performed by associates.  I will address the fee petition issue separately below, and I will not include in the 10% reduction calculation 71.75 hours Mr. Holleman submitted for himself and 47 hours he submitted for his paralegal for time expended preparing the fee petition.

Mr. Hurst requested to be compensated for 662.7 hours. Subtracting the 12.5 hours claimed for "mock case" and the 12 hours claimed for work performed by his associates leaves 638.20 hours. Reducing that number of hours by 10% results in 574.38 hours, which when multiplied by $225.00 per hour equals $129,235.50.  Reducing the 12 hours of the associate's work by 10% results in 10.8 hours,

which, when multiplied by $150.00 per hour, equals an additional $1,620.00, which increases his total amount to $130,855.50.

Mr. Holleman submitted a total of 1222 hours. Subtracting the 71.75 hours for preparing the fee petition and the disallowed 8.75 hours leaves 1141.50. Reducing that number by 10% equals 1027.35 hours, which, when multiplied by a rate of $225.00 per hour equals $231,153.75.

Mr. Holleman submitted a total of 21.25 hours for his associates. That number, reduced by 10% leaves 19.13 hours, multiplied by a rate of $150.00, equals $2869.50.

Mr. Holleman also submitted 454.35 hours of work by his paralegals. The court will first subtract 47 hours claimed for preparing the fee petition, which leaves 407.35 hours. That number of hours, reduced by 10% leaves 366.62 hours, which when multiplied by $65.00, equals $23,830.30.

Finally, Mr. Holleman requested compensation for two legal assistants for 2.35 hours. Reducing that figure by 10% leaves 2.115 hours, which when multiplied by $35.00 per hour, equals $74.03.

### III.

In his first statement of hours attached as an exhibit to the initial fee petition (DE #130, Exhibit 2), Mr. Holleman indicates that from June 5, 2006, to June 14, 2006, he devoted 25.75 hours to work on the initial fee petition. In his first supplemental

application for attorneys' fees (DE #144), he requested approximately 35 additional hours for work on the petition and in his Second Supplement to Application for Attorneys' Fees, Costs and Liquidated Damages (DE #152) he requests approximately 11 hours for submitting his complete records in response to the court's order, for a total of 71.75 hours. He also submits approximately 47 hours of work by a paralegal on the fee petition (DE #144 & #152).

The court finds this number of hours for the research and writing of a three-page motion and a six-page brief with subsequent updates to the records is excessive. The court is aware that Plaintiffs' counsel also filed a fourteen page Reply to Defendant's Response to the petition and sought discovery, but counsel cited no cases in the reply, which contained eight pages of copies of defense counsel's billing records. In addition, the discovery motions related to opposing counsel's fees, which the court has discussed above. Moreover, counsel sought compensation for the hours expended responding to the court's order requiring submission of his complete records. I will disallow these hours because counsel should have included those records with his initial motion.

Although the length of this case may have required some organization of billing records for the fee petition, this is a clerical function that could have been performed as the case progressed. The legal issues relating to attorneys' fees in this case are not difficult or novel. The standard has been established for some time. The FLSA requires the court to award fees to the

prevailing party; Defendant does not dispute that Plaintiffs are prevailing parties at this point and Defendant agreed to Mr. Holleman's rate of $225.00.

The major points of contention in the overall issue of fees are the reasonableness of the number of hours submitted and the degree of success. These are not complex legal issues, but they do require argument. However, much of Mr. Holleman's time was devoted to the argument that the reasonableness of his hours should be determined by comparing his records to those of opposing counsel, a theory rejected by the Eighth Circuit in Burks. Therefore, I find thirty-five hours is a reasonable amount of attorney time to have been expended on submitting a fee petition in this case. That number of hours multiplied by $225.00 per hour equals $7875.00. Additionally, I will allow twenty hours of work by a paralegal at $65.00 per hour, which equals $1300.00. Thus, Mr. Holleman is entitled to $9175.00 as compensation for preparation of the fee petition. When the court combines this figure with Mr. Holleman's other total ($257,927.58) and Mr. Hurst's total of $130,855.50, it obtains a lodestar amount of $397,958.08.

## IV.

Once the lodestar is determined, the court may adjust the amount downward or upward, depending on several factors. Counsel contend they are entitled to an upward adjustment under the Johnson factors because Mr. Holleman was precluded from accepting other

meritorious cases and "practically shut down his office for nearly six weeks preparing for and attending the trial of this matter." Although counsel may have been required to forego other employment for a short period of time, when all the Johnson factors are considered, I find Plaintiffs' counsel are not entitled to an upward adjustment.

In cases where plaintiffs succeed on only some of their claims, the most crucial factor is the "results obtained." Hensley v. Eckerhart, 461 U.S. at 434. Where a plaintiff has obtained excellent though not perfect results, his attorney should still recover a fee that will compensate her for "all hours reasonably expended on the litigation," or even an enhanced fee in an exceptional case. Id. at 435.

> If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained.

Id. at 436. Although mechanical or pro rata reductions are appropriate only in extreme cases, Simpson v. Merchants & Planters Bank, 441 F.3d 572, 580-81 (8th Cir. 2006), a "reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." Hensley v. Eckerhart, 461 U.S. at 440.

> There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment. This discretion, however, must be exercised in light of the considerations we have identified.

Id. at 436-37.

This case began with fifty-seven Plaintiffs, thirty-seven of whom went to trial. The jury awarded damages to thirty Plaintiffs, fifteen of whom received verdicts in excess of $5,000.00. Defendant prevailed at the summary judgment stage on the claims of "gap time," on-call time, canine maintenance, retaliation and washing their vehicles. These issues, especially "gap time" and retaliation comprised a major portion of the lawsuit. Upon Plaintiff's request, the court reconsidered the gap time issue and allowed them to present their evidence as to this claim at trial. At the close of the Plaintiffs' case, the court found the evidence was not sufficient for the claim to proceed any further, but a major portion of the trial up to that point had been devoted to this issue. If Plaintiffs had prevailed on the gap time issue alone, the amount of damages would have increased greatly. Thus, I find that, although the relief obtained may have been significant, it "is limited in comparison to the scope of the litigation as a whole," Hensley v. Eckerhart, 461 U.S. at 440. Because the time records are such that I cannot separate the unsuccessful claims by hours, I will simply reduce the lodestar amount by 20%, leaving the following fees:

    Mr. Holleman — $213,681.54

    Mr. Hurst – $104,684.40

I further find Plaintiffs are entitled to $10,558.78 in costs.

    IT IS THEREFORE ORDERED that Plaintiffs' Application for Attorney's Fees, Costs and Liquidated Damages (DE #129), Plaintiffs' First Supplement to Application for Attorney's Fees, Costs and Liquidated Damages (DE # 144), and Plaintiffs' Second Supplement to Application for Attorneys' Fees (DE #152) are hereby granted as modified.  Defendant is directed to pay Plaintiffs' counsel in accordance with this Order.

    SO ORDERED this 20th day of October, 2006.

                                                  */s/ Henry L. Jones, Jr.*
                                                United States Magistrate Judge